[Civ. No. 1024.   Second Appellate District.—November 7, 1911.]

## A. F. WAGNER, Respondent, v. EL CENTRO SEED AND NURSERY COMPANY, a Corporation, Appellant.

ACTION FOR GOODS SOLD AND DELIVERED—GENERAL FINDING—SPECIAL FINDING AS TO DAY OF MATURITY NOT REQUIRED—REVIEW ON APPEAL FROM JUDGMENT.—In an action for goods sold and delivered, for an agreed price in the sum of $583, alleged to have become due and payable January 11, 1911, on which no part is alleged to have been paid except $97, leaving a balance unpaid and owing upon said account in the sum of $486, where the court found generally the facts to be as alleged in the complaint, except that the amount found to be due is the sum of $401, such general finding sufficiently shows that the amount for which judgment was rendered became due before the commencement of the action, and the failure of the court specifically to find the particular day when that sum became due cannot be complained of by the defendant appealing from the judgment on the judgment-roll.

ID.—ABSENCE OF INCONSISTENCY IN FINDINGS BASED ON COMPLAINT AND COUNTERCLAIM—CONSTRUCTION TO SUPPORT JUDGMENT.—It is held that there is no inconsistency between the findings of the court based upon the complaint and upon a counterclaim of the defendant, that they pass upon the ultimate facts, and that a failure to find upon an alleged wholesale price is not material, where the price agreed between the parties is found, even if it is shown to be based upon the wholesale price. The findings must be construed so as to support the judgment, and any apparent inconsistency between different portions thereof must be reconciled in such a way as will give effect to the judgment, where this can be done upon any reasonable construction and interpretation of the language used. It is further held that the findings support the judgment, and that appellant's objections thereto are without merit.

APPEAL from a judgment of the Superior Court of Imperial County.   Franklin J. Cole, Judge.

The facts are stated in the opinion of the court.

Conkling & Brown, for Appellant.

D. V. Noland, for Respondent.

JAMES, J.—Appeal by defendant from a judgment entered against it in favor of plaintiff for the sum of $471 and costs.   The appeal is presented on the judgment-roll.

In plaintiff's complaint it was alleged: "That within two years last past, to wit, between the first day of October, 1910, and the first day of February, 1911, said defendant became and was indebted to said plaintiff, upon an account for goods, wares and merchandise, to wit, nursery stock and nursery pots, sold and delivered to said defendant within two years last past, in the city of El Centro, county of Imperial, state of California, in the sum of $583; that said nursery stock was sold to said defendant by said plaintiff at defendant's instance and request; that said defendant agreed to pay plaintiff the sum of $583 for said nursery stock and pots. That the said amount became due and payable on the eleventh day of January, 1911; that no part of said sum has been paid, except the sum of $97; that there is still due, owing and unpaid from said defendant to said plaintiff upon said account the sum of $486." Defendant denied all of the material allegations of the complaint, and set up by way of counterclaim an alleged cause of action growing out of the transaction upon which the action was brought. The trial court found the facts to be as alleged in plaintiff's complaint, except that the amount found due to plaintiff was the sum of $471. There was no finding as to the particular day when this sum became due, but the finding of the court sufficiently determined that the amount for which judgment was entered had become due prior to the commencement of the action. This being true, no complaint can be made by the defendant because of the want of a specific finding fixing the exact date when the debt became due and payable. It is contended by defendant that there is an inconsistency in the findings of the court, inasmuch as in that part of the findings which covers issues presented by the counterclaim it was determined that plaintiff was to receive sixty per cent of the wholesale price of the entire amount of nursery stock delivered, and the court failed to find what the amount of the wholesale price was at the date of delivery. We think that the findings as made are not inconsistent, and that the ultimate facts proposed by the pleadings of the parties were all fully and legally determined. The court did find clearly and unmistakably that the merchandise was sold at a price agreed upon between the parties, and if this price was the wholesale price of the stock, it was, nevertheless, the price agreed to be

paid by defendant. It is a familiar rule, too well settled and fixed to require citation of authority to sustain it, that the findings of a trial court must be so construed as to support the judgment, if possible, and that any apparent inconsistency between different portions of such findings must be reconciled in such a way as will give effect to the judgment, where this can be done upon any reasonable construction and interpretation of the language used. In this case we think that the findings fully sustain the judgment and that the objections made thereto by the appellant are without merit.

The judgment is, therefore, affirmed.

Allen, P. J., and Shaw, J., concurred.